UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-5340 FMO (FFMx) | Date | January 5, 2018 |
|---|---|---|---|
| Title | Marilyn Coulon v. Richard Fairbank | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | | None Present |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Service of Summons and Complaint

    Plaintiff Marilyn Coulon ("plaintiff" or "Coulon") commenced this action by filing her original Complaint on July 19, 2017, against Richard Fairbank of Capital One ("defendant" or "Fairbank"). (See Dkt. 1, Complaint). On October 3, 2017, the court issued an Order to Show Cause Re: Dismissal Re: Lack of Prosecution, as plaintiff failed to serve the summons and Complaint within 90 days. (See Court's Order of October 3, 2017, at 1). On October 10, 2017, plaintiff filed her First Amended Complaint ("FAC"), (Dkt. 10), and a Proof of Service, asserting that defendant was served with the summons and FAC by priority mail. (See Dkt. 11). The court dismissed plaintiff's FAC on November 6, 2017, with leave to amend. (See Dkt. 13, Court's Order of November 6, 2017, at 4). Plaintiff then filed the Second Amended Complaint ("SAC") on December 5, 2017. (See Dkt. 16).

    "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4. . . . [W]ithout substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted); see S.E.C. v. Ross, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4.") (internal quotation marks omitted). However, "[s]o long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (internal quotation marks omitted).

    Rule 4(e)[1] of the Federal Rules of Civil Procedure provides, in relevant part:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts

---

[1] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5340 FMO (FFMx) | Date | January 5, 2018 |
|---|---|---|---|
| Title | Marilyn Coulon v. Richard Fairbank | | |

of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following: [¶] (A) delivering a copy of the summons and of the complaint to the individual personally; [¶] (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or [¶] (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant[.]" See Torre v. Brickey, 278 F.3d 917, 919 (9th Cir. 2002) (per curiam) (stating, under prior 120 day deadline, that Rule 4(m) "provides a 120-day period from the filing of the complaint within which to serve summons and complaint upon the defendant."). This deadline applies irrespective of whether plaintiff serves the original complaint or an amended complaint. "The filing of an amended complaint does not vitiate the failure to serve the original complaint within [90] days of filing it under Fed. R. Civ. P. 4(m); a party must make a diligent effort to serve the original complaint, or some amended version thereof, within [90] days of filing the original complaint." U.S. ex rel. Adams v. Wells Fargo Bank Nat. Ass'n, 2013 WL 6506732, *4 (D. Nev. 2013).

Having reviewed the Proof of Service filed by plaintiff, (see Dkt. 11), it appears that plaintiff has not substantially complied with Rule 4. For example, the Proof of Service indicates that plaintiff served the summons and Complaint herself, (see Dkt. 11), but Rule 4(c)(2) requires that service be effected by a person who is "not a party" to the action. Further, the Proof of Service indicates that service was attempted by mail, which is insufficient to comply with the methods of service set forth in Rule 4(e)(2)(A)-(C), i.e., personal service, leaving a copy at defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there[,]" or delivering a copy of the summons and Complaint to an "authorized" agent.

In addition, the Proof of Service does not comply with California state law for serving a summons. See Fed. R. Civ. P. Rule 4(e)(1) ("Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons[.]"). The Proof of Service does not demonstrate compliance with California law governing service by mail. For example, the Proof of Service, which simply asserts that the "summons, federal minutes, complaint & copies of emails" were sent by "priority 2 day Air" to defendant, (see Dkt. 11), does not indicate whether defendant acknowledged receipt of the mailing or provide any other evidence of actual receipt. See Cal. Civ. Proc. Code § 415.30(c) (written acknowledgment of summons served by mail sufficient for effective service); see also Taylor-Rush v. Multitech Corp., 217 Cal.App.3d 103, 110-11 (1990), reh'g denied and opinion modified on other grounds (Feb. 8, 1990) ("Other evidence of actual receipt may also validate the otherwise defective service, such as, where a defendant's attorney acknowledges the defendant's receipt of the summons. Here, however, no such evidence has been presented.") (internal citation omitted). Nor does plaintiff's attempted service comply with California law governing service by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5340 FMO (FFMx) | Date | January 5, 2018 |
|---|---|---|---|
| Title | Marilyn Coulon v. Richard Fairbank | | |

mail on out-of-state defendants. See Cal. Civ. Proc. Code § 415.40 (summons may be served by "first-class mail, postage prepaid, requiring a return receipt."). Finally, although the summons, (see Dkt. 12, at 1), lists a Utah address for defendant, and Rule 4(e)(1) permits service to be effected pursuant to law of the state "where service is made[,]" Utah law requires a signed receipt by the served individual. See Utah R. Civ. P. 4 (d)(2)(C) ("Service by mail or commercial courier service shall be complete on the date the receipt is signed[.]").

In short, the court will quash plaintiff's Proof of Service, as plaintiff has not properly effected service on defendant Fairbank. See S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) ("The choice between dismissal and quashing service of process is in the district court's discretion") (citation and internal quotation marks omitted). However, given plaintiff's pro se status, the court will grant her additional time to serve defendant with the summons and SAC, the operative complaint. See Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 513 (9th Cir. 2001) ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice. . . . [U]nder the terms of the rule, the court's discretion is broad.").

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Proof of Service (Dkt. 11) is hereby quashed.

2. Plaintiff shall effect service of process in compliance with Rule 4 no later than **February 5, 2018**. Plaintiff is advised that the action will be dismissed without prejudice if service of the summons and the SAC is not effected in compliance with Rule 4. See Fed. R. Civ. P. 4(m); Patrick v. Saxon Mortg., Inc., 456 F.Appx. 697, 698 (9th Cir. 2011) (district court maintains discretion to dismiss pro se complaint for failure to serve summons and complaint in timely manner); Oyama, 253 F.3d at 513 (dismissing case for untimely service of summons and complaint).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |